BRYAN SCHRODER
United States Attorney

ADAM ALEXANDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: adam.alexander@usdoj.gov

C. ALDEN PELKER
Trial Attorney
Computer Crime & Intellectual Property Section
1301 New York Avenue NW
Washington, DC 20530
Phone: (202) 514-1026
Fax: (202) 514-6113
Email: catherine.pelker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00102-RRB-DMS |
| | ) | |
| Plaintiff, | ) | COUNT 1: |
| | ) | CONSPIRACY TO COMMIT FRAUD |
| vs. | ) | AND RELATED ACTIVITY IN |
| | ) | CONNECTION WITH COMPUTERS |
| AARON STERRITT, a/k/a "Vamp," | ) | Vio. of 18 U.S.C. §§ 371 and |
| AND LOGAN SHWYDIUK, a/k/a | ) | 1030(a)(5)(A) |
| "Drake," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

|   |   |
|---|---|
|   | ) <u>COUNT 2</u>: |
|   | ) FRAUD AND RELATED ACTIVITY |
|   | ) IN CONNECTION WITH |
|   | ) COMPUTERS, AIDING AND |
|   | ) ABETTING |
|   | )   Vio. of 18 U.S.C. §§ 1030(a)(5)(A), 2 |
|   | ) |
|   | ) <u>CRIMINAL FORFEITURE</u> |
|   | ) <u>ALLEGATION</u>: |
|   | )   18 U.S.C. §§ 981, 982, 1030; 21 U.S.C. |
|   | ) § 853; and 28 U.S.C. § 2461 |
|   | ) |

<u>I N D I C T M E N T</u>

The Grand Jury charges that:

<u>COUNT 1</u>

From on or about July 2017 through on or about December 31, 2017, within the District of Alaska and elsewhere, the defendants, AARON STERRITT, a/k/a "Vamp," and LOGAN SHWYDIUK, a/k/a "Drake," conspired to develop and operate a series of botnets which operated under names including "Satori," "Masuta," and "Okiru" and were used to conduct distributed denial of service (DDoS) attacks. In doing so, STERRITT and SHWYDIUK knowingly conspired to cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage without authorization to protected computers, to result in a loss of $5,000 or more and to cause damage affecting 10 or more protected computers during a 1-year period.

All of which is in violation of 18 U.S.C. §§ 371 and 1030(a)(5)(A) and (c)(4)(B).

Case 3:19-cr-00102-RRB-DMS   Document 2   Filed 09/19/19   Page 2 of 5

<u>COUNT 2</u>

From on or about July 2017 through on or about December 31, 2017, within the District of Alaska and elsewhere, the defendants, AARON STERRITT, a/k/a "Vamp," and LOGAN SHWYDIUK, a/k/a "Drake," built and used a series of botnets, which operated under names including "Satori," "Masuta," and "Okiru," in order to conduct distributed denial of service (DDoS) attacks and to enable their criminal customers to conduct DDoS attacks. In doing so, STERRITT and SHWYDIUK knowingly caused the transmission of a program, information, code, and command, and knowingly aided and abetted others in doing the same and in attempting to do the same, and as a result of such conduct, intentionally caused damage and attempted to cause damage without authorization to protected computers; the offense resulted in a loss of $5,000 or more and caused damage affecting 10 or more protected computers.

All of which is in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 2.

<u>CRIMINAL FORFEITURE ALLEGATION</u>

18 U.S.C. §§ 981, 982, 1030; 21 U.S.C. § 853; and 28 U.S.C. § 2461.

1.      The allegations contained in Count 1 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture.

The Grand Jury hereby finds that:

2.      There is probable cause that the property described in this CRIMINAL FORFEITURE ALLEGATION is subject to forfeiture pursuant to the statutes described herein.

Case 3:19-cr-00102-RRB-DMS   Document 2   Filed 09/19/19   Page 3 of 5

3.      Pursuant to Federal Rule of Criminal Procedure 32.2(a), the United States of America gives notice to the defendants, AARON STERRITT and LOGAN SHWYDIUK, that, in the event of either defendant's conviction of the offense charged in Count 1 of this Indictment, the United States intends to forfeit the defendant's property as further described in this CRIMINAL FORFEITURE ALLEGATION.

4.      Upon conviction of 18 U.S.C. § 1030, as set forth in Count 1 of this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the violations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

<u>SUBSTITUTE ASSETS</u>

5.      If any of the property described above, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been comingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to and intends to seek forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1), 1030(i)(2), and 28 U.S.C. § 2461(c).

Page 4 of 5

All pursuant to 18 U.S.C. §§ 981, 982, 1030; 21 U.S.C. § 853; and 28 U.S.C. § 2461.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Adam Alexander
ADAM ALEXANDER
Assistant U.S. Attorney
United States of America

c/ C. Alden Pelker
C. ALDEN PELKER
Trial Attorney
United States of America

s/ Bryan Schroder
BRYAN SCHRODER
United States Attorney
United States of America

DATE: September 18, 2019

Case 3:19-cr-00102-RRB-DMS   Document 2   Filed 09/19/19   Page 5 of 5